O’Neill, J.
The commission determined that the statutory rate base valuation is $21,900,980 as of the date certain, June 30, 1957, that the fair annual rate of return is 5.4%, and that the allowable annual dollar return is $1,182,653.
Instead of allowing, as an item of expense, the amount of federal income tax which would be required to be paid on the annual dollar return by the federal income tax law (City of Cincinnati v. Public Utilities Commission, 153 Ohio St., 56, 90 N. E. [2d], 681, paragraph two of the syllabus), the commission, by using the device of the “hypothetical company concept,” allowed $108,377 less for income tax expense than the company would actually be required to pay on its annual dollar return. See General Telephone Co. v. Public Utilities Commission, 174 Ohio St., 575.
Thus, $108,377 of the annual dollar return which the commission found the company entitled to receive must be used for the expense of payment of income tax. This reduces the annual dollar return from $1,182,653 to $1,074,276. On the basis of a 5.4% fair annual rate of return which the commission found fair and proper, the statutory rate base found by the commission is reduced from $21,900,980 to $19,894,000, a reduction of $2,006,980.
This reduced rate base does not represent the reconstruction cost new less existing depreciation value of the property of the public utility used and useful in rendering public utility *606 service required by the statutes of Ohio and the decisions of this court.
This is arbitrary and contrary to law (Sections 4909.04, 4909.05 and 4909.15, Revised Code). Lima Telephone & Telegraph Co. v. Public Utilities Commission, 98 Ohio St., 110, 120 N. E., 330; Lindsey v. Public Utilities Commission, 111 Ohio St., 6, 144 N. E., 729; East Ohio Gas Co. v. Public Utilities Commission, 133 Ohio St., 212, 12 N. E. (2d), 765; City of Marietta v. Public Utilities Commission, 148 Ohio St., 173, 74 N. E. (2d), 74; City of Cleveland v. Public Utilities Commission, 164 Ohio St., 442, 132 N. E. (2d), 216, per curiam opinion, page 443, paragraph numbered 1; Ohio Edison Co. v. Public Utilities Commission, 173 Ohio St., 478, 184 N. E. (2d), 70, paragraph four of the syllabus; and General Telephone Co. v. Public Utilities Commission, 174 Ohio St., 575.
If it is argued that the statutory rate base dollar amount is not changed, then it must be conceded that an annual dollar return of $1,074,276 is a return of only 4.90% on a statutory rate base of $21,900,980, whereas the commission has held that the appellant is entitled to a fair annual rate of return of 5.4%.
This reduction in the fair annual rate of return is arbitrary and contrary to law.
The other findings and determinations of the commission alleged to be in error in these appeals are not unreasonable or unlawful. The former judgment of this court is set aside and the order of the Public Utilities Commission is reversed in part, and the cause remanded for determination of rates.

Order reversed in part.

Zimmerman, Matthias, Griffith and Herbert, JJ., concur. (For concurring opinions by Zimmerman, J., and Herbert, J., see pages 581 and 582.)
Taft, C. J., dissents for the reasons stated in his dissenting opinion in the case of Ohio Fuel Gas Co. v. Public Utilities Commission, 174 Ohio St., 585.
Gibson, J., concurs in the dissenting opinion referred to above. (For dissenting opinion by Gibson, J., see page 601.)